```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

JORDAN MILLER,                  )
                                )
            Plaintiff,          )
                                )
     v.                         )    No.  13 C 1601
                                )
VILLAGE OF SCHAUMBURG, et al.,  )
                                )
            Defendants.         )
```

<u>MEMORANDUM ORDER</u>

This Court has received by random assignment the self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint brought by Jordan Miller against the Village of Schaumburg ("Village") and two of its former officers, Terrence O'Brien ("O'Brien") and Matthew Hudak ("Hudak"), for which purpose Miller has used a Clerk's-Office-supplied form of Complaint to which he has added a detailed single-spaced Statement of Claim. This memorandum order is issued sua sponte because of some problematic aspects of Miller's pleading (although it should be made clear that this Court accepts all of his allegations as true for purposes of the following discussion).

First, there appears to be no predicate for suing the Village. On the basis of Miller's allegations both O'Brien and Hudak were truly rogue officers, so that the principles that underlie <u>Monell v. Dep't of Social Servs. of City of New York</u>, 436 U.S. 658, 691 (1978) insulate the Village against Section 1983 liability.

As for O'Brien and Hudak, the question posed by the Complaint is one of its timeliness. Illinois-based Section 1983 claims have a two-year limitations period, and the last date specifically mentioned in Miller's Statement of Claim is a May 2010 incident when the ex-officers are charged with having invaded Miller's home and having engaged in assertedly unconstitutional activity. Although the Statement of Claim then goes on to allege later oppressive conduct on their part, no dates are provided.

Accordingly, Miller is directed to file promptly a supplement to his original Complaint that fleshes out the dates (or approximate dates) of the ex-officers' further harassment of Miller and his family. In the meantime this Court is contemporaneously issuing its customary initial scheduling order on the assumption that Miller's additional submission can confirm the timeliness of this lawsuit.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 5, 2013

2