IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

JORDAN MILLER,                  )
                                )
            Plaintiff,          )
                                )
      v.                        )    No.  13 C 1601
                                )
VILLAGE OF SCHAUMBURG, et al., )
                                )
            Defendants.         )

                       MEMORANDUM ORDER

    This Court's March 28, 2013 memorandum opinion and order

("Opinion") marked the second time that it had occasion to

address the action brought by Jordan Miller ("Miller") against

the Village of Schaumburg ("Village") and two of its former

officers, Terrance O'Brien and Matthew Hudak.[1]  In response

Miller's retained counsel has just filed a timely memorandum with

attached exhibits.

    Both of this Court's earlier efforts have made it clear that

it makes no factual determinations, instead accepting Miller's

allegations as true for current purposes.  What his counsel's

thoughtful and informative response has demonstrated is that,

given such acceptance, there is a reasonable predicate for suing

the Village as well as the accused officers in Monell terms.

---

    [1] On March 5, four days after Miller had filed a pro se
Complaint brought under 42 U.S.C. §1983 ("Section 1983"), this
Court had issued a sua sponte memorandum order ("Order") that
raised some questions that needed early attention.  Instead of
responding to those directly, Miller retained counsel who filed a
First Amended Complaint ("FAC") on March 8 that relied both on
Section 1983 and civil RICO as grounds for recovery.

Hence FAC Count III will be permitted to stand in that respect.

But the original March 5 Order had concluded by directing Miller "to file promptly a supplement to his original Complaint that fleshes out the dates (or approximate dates) of the ex-officers' further harassment of Miller and his family"--and the Opinion expressly reconfirmed that directive. Moreover, the Opinion went on to identify other serious problems with each of the contentions Miller seeks to advance--in part because of the potential statute of limitations problems under Section 1983 and in part because of potential legal difficulties with FAC Count I, which seeks to call civil RICO into play. Miller's current (April 11) filing says nothing at all about those matters.

Because of those deficiencies in Miller's recent filing, the previously-set April 19 status hearing will stand. At that time Miller's counsel will be expected to treat with the open questions raised by the Opinion.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 12, 2013